**MODIFY and AFFIRM; and Opinion Filed October 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01434-CR
No. 05-13-01435-CR

## CAL MAURICE BUTLER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 292nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause Nos. F06-65524-V, F06-65525-V

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice O'Neill

Cal Maurice Butler waived a jury, pleaded guilty to two offenses of aggravated assault with a deadly weapon involving family violence. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). He also pleaded true to two enhancement paragraphs in each case. The trial court assessed punishment at forty years' imprisonment in each case. On appeal, appellant's attorney filed a brief in which he concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978).

Counsel delivered a copy of the brief to appellant. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

Appellant filed a pro se response raising several issues. After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeals are frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We find nothing in the record that might arguably support the appeal.

Although not arguable issues, we note there is an error in each of the trial court's judgments. Although appellant pleaded true to two enhancement paragraphs in each case and the trial court found the enhancement paragraphs true, the judgments incorrectly show "n/a" in the section related to the pleas and findings on the enhancement paragraphs. Accordingly, we modify the trial court's judgments to show (1) the pleas to the first and second enhancement paragraphs are true and (2) the findings on the first and second enhancement paragraphs are true. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131434F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CAL MAURICE BUTLER, Appellant

No. 05-13-01434-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 292nd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F06-65524-V).
Opinion delivered by Justice O'Neill, Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Findings on 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Plea to 2nd Enhancement/Habitual Paragraph" is modified to show "True."

The section entitled "Findings on 2nd Enhancement/Habitual Paragraph" is modified to show "True."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 20, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CAL MAURICE BUTLER, Appellant

No. 05-13-01435-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 292nd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F06-65525-V).
Opinion delivered by Justice O'Neill, Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Findings on 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Plea to 2nd Enhancement/Habitual Paragraph" is modified to show "True."

The section entitled "Findings on 2nd Enhancement/Habitual Paragraph" is modified to show "True."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 20, 2014.